# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-26-00530-CV

---

**A. M. and J. D., Appellants**

**v.**

**Texas Department of Family and Protective Services, Appellee**

---

**FROM THE COUNTY COURT AT LAW NO. 1 OF WILLIAMSON COUNTY**
**NO. 25-0004-CPSC1, THE HONORABLE BRANDY HALLFORD, JUDGE PRESIDING**

---

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

Appellant J.D. has filed an Emergency Motion to Abate, Stay Appellate Deadlines, Preserve Appellant's Right to Counsel, and Determine Status of Appointed Counsel. In the Motion, J.D. in part asks this Court to review the trial court's alleged improper, sua sponte discharge of his court-appointed counsel and order the trial court to appoint appellate counsel due to his indigence. *See In re D.D.*, No. 02-25-00335-CV, 2025 WL 2177180, at *3 (Tex. App.—Fort Worth July 31, 2025, orig. proceeding) (mem. op.) (citing Tex. Fam. Code § 107.013(e), concluding that trial court abused its discretion in sua sponte reconsidering father's indigence and discharging his court-appointed counsel when no party authorized by Section 107.013(e) moved for such reconsideration, and ordering trial court to vacate its discharge order); *see also In re P.M.*, 520 S.W.3d 24, 26 (Tex. 2016) (holding that right to court-appointed counsel for indigent parent under Section 107.013(a) extends through exhaustion of all appeals,

including in supreme court, and that, once appointed by trial court, counsel should be permitted to withdraw only for good cause and on appropriate terms and conditions). J.D. also asks this Court to abate the appeal until the reporter's record of the June 17, 2026 hearing at which the trial court orally discharged his counsel has been filed with this Court and "for the limited purpose of developing a complete record" regarding the hearing. He additionally asks this Court to temporarily stay appellate deadlines and order the trial-court clerk to file a supplemental record containing specified items relevant to J.D.'s indigence, including any signed order resulting from the June 17 hearing.

J.D. represents that before trial, the trial court appointed counsel to represent J.D. because he was determined indigent but that after he filed his notice of appeal, the trial court signed an "Order Setting Hearing on Respondent [J.D.'s] Indigent Determination," sua sponte conducted a hearing on his indigence, determined he was not indigent, and orally discharged his appellate counsel. J.D. represents that no party had filed a contest to indigency, a motion to discharge counsel, or any other pleading requesting such relief as required by Family Code Section 107.013(e). *See In re D.D.*, 2025 WL 2177180, at *3.

The portion of J.D.'s motion that requests this Court to review the trial court's order of discharge and require that the trial court appoint him appellate counsel, which relief is the type typically sought in a petition for writ of mandamus, is premature, as neither a signed order nor the reporter's record from the hearing have been filed yet with this Court. However, we grant J.D.'s motion in part and abate this appeal and remand to the trial court for entry of a signed order to include any applicable findings and conclusions made to support its discharge of J.D.'s counsel. The trial court shall sign such order within ten days of this order, and the

2

trial-court clerk shall file a supplemental record containing such order within seven days of the signing of such order, after which filing the appeal will be reinstated.[1]

It is ordered on June 30, 2026.

Before Chief Justice Byrne, Justices Theofanis and Crump

Abated and Remanded

Filed: June 30, 2026

---

[1] This Court abides by the Rules of Judicial Administration's admonition to ensure that appeals in cases involving termination of parental rights are brought to final disposition within 180 days of the filing of a notice of appeal. *See* Tex. R. Jud. Admin. 6.2, *reprinted in* Tex. Gov't Code, tit. 2, subtit. F app.